UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS,

        Defendants.

Civil Action No. 22-10986-JSR

---

**DECLARATION OF MARK GOODMAN IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY THE ACTION**

I, MARK GOODMAN, an attorney duly admitted to practice law in the Cayman Islands, state as follows pursuant to 28 U.S.C. § 1746:

1. I am a member of the Bar of the Cayman Islands and a partner of the firm Campbells LLP, counsel to Plaintiff Funicular Funds, LP in connection with a winding up proceeding initiated in the Cayman Islands on behalf of Pioneer Merger Corp (the "Winding Up Proceeding").

2. I respectfully submit this declaration in connection with Plaintiff's Opposition To Defendants' Motion To Dismiss Or Stay The Action, and to provide the Court with the following sworn facts relating to Defendants' Motion.

3. The filing of the Winding Up Proceeding rendered certain corporate actions automatically void upon a winding up order being made, unless previously approved by a Cayman Islands court. Institution of the proceeding will result in the retrospective voiding of all such

corporate actions and the SPAC's winding up being overseen by independent liquidators rather than by Defendants or their own liquidators, including with respect to the Termination Fee (as defined by ¶ 12 of the Amended Class Action Complaint, ECF 9).

4. Before filing the Petition, my firm sent a letter to Defendants demanding that Defendants "immediately pay the Break Fee into the [SPAC's] Trust Account" so that the sum would be distributed to public stockholders through the redemption. The letter stated that Plaintiff "recently commenced litigation in the southern district of New York, the need for which may be obviated if you were to act as set forth in the previous paragraph."

5. Following receipt of the letter, Defendants did not respond in any way to agree to distribute the Termination Fee to investors, nor did they agree, at that time, to preserve the SPAC's Termination Fee in the interim. Accordingly, Plaintiff filed the Winding Up Proceeding, which subjected future corporate action, including the redemption of Class A Public Shares, to subsequent invalidation.

6. Notwithstanding the filing and service of the Winding Up Proceeding, Defendants purported to conduct the redemption anyway. Thereafter, Defendants requested that Plaintiff agree to an ex post facto validation of the redemption, which Plaintiff refused.

7. Defendants subsequently agreed, through Cayman counsel, not to distribute the Termination Fee during the pendency of litigation, and stated by letter: "[as] discussed between our clients' respective New York Counsel, the board of the SPAC has determined not to make any distribution of the net remaining proceeds of the Break Fee to the shareholders (or former shareholders) of the SPAC, pending resolution of the broader dispute." Defendants are now seeking in the Winding Up Proceeding to resolve the question of Cayman law regarding the invalidity of the redemption by seeking a validation order.

8.      The Winding Up Proceeding is not duplicative of the above-captioned action. The SPAC would be wound up in the Cayman Islands irrespective of this action or the Winding Up Proceeding, and the Winding Up Proceeding merely ensures that the liquidation is conducted by independent liquidators under judicial supervision.

9.      I expect that the liquidators will likely look to this Court on the merits of the claims set forth in the above-captioned action, to the extent that such claims affect the liquidation of the company, and any judgment in this action will be binding on the parties. Indeed, the only parties to the Winding Up Proceeding are Plaintiff and Pioneer Merger Corp (*i.e.*, not the other Defendants named in this action), and the Winding Up Proceeding references the claims set forth in this action only to the extent that the relevant matters serve as a basis for Plaintiff's justifiable loss of trust and confidence in the management of Pioneer Merger Corp. As a matter of Cayman Islands law, a winding up order is a collective remedy that would be made by the Cayman Islands court for the benefit of shareholders of the company generally. In that sense only, it has some analogy to the above-captioned action, but the remedies sought in this proceeding are damages for losses sustained by the class, which are sought against both the company and the other Defendants. In contrast, the only remedy sought in the Winding Up Proceeding is the appointment of independent liquidators to facilitate the orderly winding up of the company's affairs, an order which will be made only in respect of the company, and which does not have any compensatory dimension.

10.     Following entry of a winding up order, the appointed liquidators may stay the distribution of any assets until a judgment of this Court resolving the disputed matters in this action, and it would be consistent with the liquidators' duties to the SPAC to do so.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed: March 20, 2023           /s/ Mark Goodman
Hong Kong SAR                      Mark Goodman