UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,, <br><br>    Plaintiff, <br><br>    v. <br><br> PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS, <br><br>    Defendants. | Civil Action No. 22-10986-JSR <br><br> **PROTECTIVE ORDER** |

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided during discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall

1

not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential documents that contain material that the producing party reasonably believes is (i) non-public information that is extremely confidential and/or sensitive in nature, the disclosure of which is likely to cause serious economic harm or competitive disadvantage to the producing party; (ii) is highly personal non-public information; or (iii) information the disclosure of which absent the protections afforded herein to Highly Confidential Information could create a substantial risk of serious harm that could not be avoided by less restrictive means.

4. With respect to Discovery Material containing Confidential or Highly Confidential information other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Discovery Material as "Confidential" or "Highly Confidential" by

stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document containing the protected information in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may either (i) indicate on the record during the deposition that a question calls for Confidential or Highly Confidential information, or (ii), may designate portion(s) of the transcript as Confidential or Highly Confidential within three business days after the deposition transcript is received from the court reporter.  Regardless of whether notice is provided pursuant to section (i) or (ii), the producing person or that person's counsel shall serve upon all counsel of record a written notice identifying by page and line number any portion of the transcript that contains "Confidential" or "Highly Confidential" information.  In either case, any transcript containing such designated testimony shall be marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order," by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing, and such designated Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a) the parties to this action;

    (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (f) professional vendors that provide litigation support services (e.g., stenographers, videographers, graphic support services, coding, translation, preparing exhibits or demonstratives, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors;

  (g) the Court and its support personnel.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

  (a) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  (b) as to any document, its author, its addressee, any person indicated on the face of the document as having received a copy, and any person identified as the custodian of the document in the metadata for that document, provided that if a "Highly Confidential" document is to be shown to a witness at a deposition, trial, or other hearing based on the questioning attorney's belief that the witness is entitled to review the document as a

document custodian, the questioning attorney shall provide the witness and counsel with a copy of the metadata for any such document at the time of such questioning;

(c)     as to any document for which Pioneer Merger Corp. is identified as the custodian, any of the named Defendants;

(d)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     professional vendors that provide litigation support services (e.g., stenographers, videographers, graphic support services, coding, translation, preparing exhibits or demonstratives, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors

(f)     the Court and its support personnel.

8.     Before any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(e), or 7(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.     All Confidential and Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will use their best

efforts to minimize such sealing.  In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.  The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential Document, or information contained in any Confidential or Highly Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. The inadvertent production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of confidentiality ("Protected Information"), shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection

6

afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. If a disclosing party makes a claim of inadvertent disclosure of Protected Information, the receiving party shall, within five business days, return or destroy all copies of the Protected Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five business days of the notification that such Protected Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Protected Information.

17. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Protected Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production of Protected Information.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Protected Information.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be promptly returned to the producing person,

or destroyed.; provided that each party shall be permitted to retain copies of pleadings, motion papers, and other court filings; deposition transcripts; expert reports; and notes, memoranda, and other documents constituting or including attorney work product.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.


/s/ Aaron T. Morris
**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
1740 Broadway, 15th Floor
New York, NY 10019
(877) 216-1552
aaron@moka.law
andrew@moka.law

July 21, 2023

/s/ Stefan Atkinson
**KIRKLAND & ELLIS LLP**
Stefan Atkinson
Kyla Jackson
Amanda Lamothe-Cadet
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446 4800
Facsimile: (212) 446 4900
stefan.atkinson@kirkland.com
kyla.jackson@kirkland.com
amanda.lamothecadet@kirkland.com

July 21, 2023


SO ORDERED.

*Jed Rakoff*

JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         September 11, 2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS, <br><br> Defendants. | Civil Action No. 22-10986-JSR <br><br> Non-Disclosure Agreement |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____    _____