**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>          v.<br><br>PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS,<br><br>                Defendants. | Civil Action No. 22-10986-JSR<br><br>**JOINT STIPULATION AND ORDER REGARDING DEPOSITIONS** |

WHEREAS Plaintiff Funicular Funds, LP ("Plaintiff") filed this action on December 30, 2022, and filed an Amended Class Action Complaint (the "Amended Complaint") on January 20, 2023;

WHEREAS the Amended Complaint names as Defendants Pioneer Merger Corp. (the "SPAC"), Pioneer Merger Sponsor LLC (the "Sponsor"), Jonathan Christodoro, Rick Gerson, Oscar Salazar, Ryan Khoury, Scott Carpenter, Matthew Corey, Mitchell Caplan, and Todd Davis (collectively, "Defendants," and together with Plaintiff, the "Parties");

WHEREAS, in the interest of judicial economy and efficiency, Plaintiff has agreed to limit the Defendants who will be deposed in fact discovery; and

WHEREAS, Defendants have agreed to certain limitations and protections to avoid prejudice to Plaintiff from its agreement to limit depositions;

NOW, THEREFORE, the Parties STIPULATE AND AGREE, subject to the approval of the Court, as follows:

1.       Plaintiff shall take depositions of Defendants Christodoro, Corey, Caplan, and Davis, as well as the Rule 30(b)(6) designee of the Sponsor (collectively, the "Defendant Deponents"). Plaintiff shall not take depositions of Defendants Gerson, Salazar, Khoury, and Carpenter (collectively, the "Non-Deposed Defendants").

2.       Defendants shall not raise as part of their defense the fact that Plaintiff failed to obtain testimony from any of the Non-Deposed Defendants, nor shall Defendants offer or rely upon any testimony, declaration, or affidavit by any of the Non-Deposed Defendants at any stage of this litigation except as provided in Paragraph 3 below.

3.       In the event Defendants raise as part of their defense the fact that Plaintiff failed to obtain testimony from any of the Non-Deposed Defendants, or offer or rely upon any testimony, declaration, or affidavit, by any of the Non-Deposed Defendants at any stage of this action, Defendants shall provide Plaintiff the reasonable opportunity to depose the Non-Deposed Defendant witness, provided that Plaintiff makes its request to depose the witness within one week of receiving Defendants' notice of such testimony, declaration or affidavit.   The Parties shall work to find a mutually agreeable time to conduct the deposition of the Non-Deposed Defendant.

| /s/ Andrew W. Robertson | /s/ Stefan Atkinson |
|---|---|
| **MORRIS KANDINOV LLP** | **KIRKLAND & ELLIS LLP** |
| Aaron T. Morris | Stefan Atkinson |
| Andrew W. Robertson | Kyla Jackson |
| 305 Broadway, 7th Floor | Amanda Lamothe-Cadet |
| New York, NY 10019 | 601 Lexington Avenue |
| Tel. (212) 431-7473 | New York, NY 10022 |
| aaron@moka.law | Tel. (212) 446-4800 |
| andrew@moka.law | stefan.atkinson@kirkland.com |
|  | kyla.jackson@kirkland.com |
| *Attorneys for Plaintiff* | amanda.lamothecadet@kirkland.com |
|  |  |
|  | *Attorneys for Defendants* |
|  |  |
| September 8, 2023 | September 8, 2023 |

SO ORDERED.

New York, New York

September 11, 2023                    _____
                                     JED S. RAKOFF, U.S.D.J.