```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

---------------------------------------
| FUNICULAR FUNDS, LP,                |
|                                     |
|        Plaintiff,                   |
|                                     |
|    -v-                              |
|                                     |
| PIONEER MERGER CORP., et al.,       |
|                                     |
|        Defendants.                  |
---------------------------------------

22-cv-10986(JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

On December 30, 2022, Plaintiff Funicular Funds, LP ("Funicular") brought this putative class action against defendant Pioneer Merger Corp. ("Pioneer"), as well as Pioneer's managing insiders, alleging four causes of action: declaratory judgment, breach of contract, breach of fiduciary duty, and unjust enrichment. See ECF No. 1. Funicular filed an Amended Complaint on January 20, 2023, raising the same claims. See ECF No. 9. On May 1, 2023, the Court dismissed without prejudice the claims for breach of fiduciary duty and unjust enrichment. See ECF No. 22. Funicular now seeks leave to file a Second Amended Complaint, see ECF No. 37, which defendants oppose, see ECF No. 38. The Court hereby grants in part, and denies in part, the motion for leave to file a Second Amended Complaint.

A "court should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, the Court grants leave to file a Second Amended Complaint that "removes claims that were previously mooted or dismissed." ECF No. 37, at 1. Indeed, defendants do not oppose that part of Funicular's request. But the

Court denies leave to amend to the extent that Funicular seeks to "make[] explicit a request for a finding that Defendants acted willfully in breaching their contractual obligations." Id. The sole remaining claims are for 1) breach of contract under New York law and 2) a declaratory judgment of the same breach of contract. See ECF No. 9. Funicular fails to explain how allegations of defendants' willfulness could be relevant to assessing breach of contract under New York law. The willfulness of defendants' conduct may have been relevant to the claim for breach of fiduciary duty under Cayman Islands law, but that claim is no longer part of this case. See Foman v. Davis, 371 U.S. 178, 182 (1962) (movant "ought to be afforded an opportunity to test his claim on the merits" when "the underlying facts or circumstances relied upon . . . may be a proper subject of relief"). The Clerk of the Court is respectfully directed to close the entry at docket number 37.

    SO ORDERED.

New York, NY
October 25, 2023

                                      JED S. RAKOFF, U.S.D.J.