UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS,<br><br>                Defendants. | Civil Action No. 22-10986-JSR |

**[AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT**

WHEREAS, a consolidated securities class action entitled *Funicular Funds, LP v. Pioneer Merger Corp.*, et al. (the "Action") is pending in this Court.

WHEREAS, (a) lead plaintiff Funicular Funds, LP ("Lead Plaintiff"), on behalf of itself and the Class (as defined below); and (b) Pioneer Merger Corp., (In Official Liquidation) ("Pioneer"), acting through its Joint Official Liquidators ("JOLs"), Pioneer Merger Sponsor LLC, Jonathan Christodoro, Rick Gerson, Oscar Salazar, Ryan Khoury, Scott Carpenter, Matthew Corey, Mitchell Caplan, and Todd Davis (the "Defendants") have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement, dated as of February __, 2024 (the "Stipulation"), subject to approval of this Court (the "Settlement").

WHEREAS, by its Order of November 1, 2023 (ECF 43), the Court previously certified a class (the "Class") of the following persons (the "Class Members"): All persons who held Class A Public Shares of Pioneer as of the redemption date of January 13, 2023 whose shares were redeemed, including their legal representatives, heirs, successors-in-interest, transferees, and assignees of all such holders, but excluding (i) Defendants in this action; (ii) any person who is, or was at the time of the redemption, a trustee, officer, director, or partner of Pioneer Merger Sponsor LLC, Alpha Wave Global, LP, Patriot Global Management, LP, or their affiliates; (iii) the immediate family members of any of the foregoing; (iv) the legal representatives, heirs, successors-in interest, successors, transferees, and assigns of the foregoing; and (v) any trusts, estates, entities, or accounts that held Pioneer Class A Public Shares for the benefit of any of the foregoing;

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2. **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

3. **Settlement Fairness Hearing:** The Court will hold a settlement hearing (the "Settlement Fairness Hearing") on _____, 2024, at __ : _.m., either in person at the United States District Court for the Southern District of New York, Courtroom 14B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation, including with respect to the Plan of Allocation (as defined in the Notice) is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit A to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the motion by Lead Counsel for an award of attorneys' fees, incentive award, and payment of litigation expenses should be approved; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Class Members as set forth in paragraph 8 of this Order.

4. The Court may adjourn the Settlement Hearing or decide to hold the Settlement Fairness Hearing telephonically or by videoconference without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

5. **Retention of Settlement Administrator and Manner of Giving Notice**: Lead Counsel and the JOLs are hereby authorized to retain Epiq Corporate Restructuring (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement and facilitate the distribution of the Net Settlement Fund (as defined by the Stipulation). Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a) not later than five (5) business days after the date of entry of this Order, the JOLs and Settlement Administrator shall obtain in electronic format a list (consisting of names, mailing addresses, and, if available, email addresses) of holders of Pioneer Class A common stock who are part of the Class;

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Settlement Administrator shall cause a copy of the Notice, substantially in the form attached hereto as **Exhibit 1**, to be provided to all Class Members through electronic means, where possible, substantially similar to the notices by the Settlement Administrator in *In re Pioneer Merger Corp. (In Official Liquidation)*, No. 23-BK-11663-DSJ (Bankr. S.D.N.Y.), and by U.S. Mail as to all Class Members for whom electronic notice is not possible or authorized;

(c) contemporaneously with the communication of the Notice, the Settlement Administrator shall cause the Notice, this Order, and other relevant materials relating to the

4

Settlement to be posted on a website to be developed for the Settlement, from which copies of such materials can be downloaded by Class Members;

(d)     not later than ten (10) business days after the Notice Date, the Settlement Administrator shall cause the Summary Notice, substantially in the form attached hereto as **Exhibit 2**, to be published once in the Investor's Business Daily and to be transmitted once over the PR Newswire; and

(e)     not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such distribution and publication of the Notice.

6.     **Approval of Form and Content of Notice:** The Court (a) approves, as to form and content, the Notice and the Summary Notice, attached hereto as Exhibits 1 and 2, respectively, and (b) finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees, incentive award, and litigation expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees, incentive award, litigation expenses, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other

applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

7. **Nominee Procedures:** Brokers and other nominees who purchased or otherwise acquired Pioneer Class A common stock for the benefit of another person or entity shall: (a) within ten (10) calendar days of receipt of the Notice, shall forward the Notice to all such beneficial owners, or (b) within ten (10) calendar days of receipt of the Notice, send a list of the names, mailing addresses and email addresses of all such beneficial owners to the Settlement Administrator in which event the Settlement Administrator shall promptly provide the Notice to such beneficial owners.

8. **CAFA Notice:** The JOLs shall serve the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

9. **Participation in the Settlement:** Class Members need not file a claims form to participate in the Settlement. Upon this Court's final approval of the Settlement, the Settlement Administrator will cause Pioneer to transfer to all Class Members a pro rata portion of the Net Settlement Funds to the account in which such Class Members held Pioneer Class A Shares. The Court granted class certification pursuant to Fed. R. Civ. P. 23(b)(1). Class Members may not seek exclusion from the Class, but may submit objections, if any, pursuant to the procedures set forth immediately below.

10. **Appearance and Objections at Settlement Fairness Hearing:** Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to Counsel set forth below, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct. Any Class Member who or that does not enter an appearance will be represented by Lead Counsel. Any Class Member may also file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees, incentive award, and litigation expenses, and appear and show cause, if he, she, or it has any cause, as to any objection; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for an award of attorneys' fees, incentive award, and litigation expenses, that person or entity has filed a written objection with the Court and served copies on the following counsel no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

**Lead Counsel**

Morris Kandinov LLP
Aaron T. Morris, Esq.
305 Broadway, 7th Floor
New York, NY 10007
aaron@moka.law

**Defendants' Counsel**

Kirkland & Ellis LLP
Stefan Atkinson
601 Lexington Avenue
New York, New York 10022
stefan.atkinson@kirkland.com

**Joint Official Liquidators' Counsel**

DLA Piper LLP (US)
R. Craig Martin
1251 Avenue of the Americas
New York, New York 10020
craig.martin@us.dlapiper.com

11. Any objections, filings, and other submissions by an objecting Class Member must include: (1) the name of this proceeding, *Funicular Funds, LP v. Pioneer Merger Corp., et al.*, Civil Action No. 22-10986-JSR; (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove membership in the Class, including documents showing the number of Pioneer Class A common stock previously held by the Class Member and the dates of such holdings.

12. Any Class Member who wishes to be heard orally at the Settlement Fairness Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees, incentive award, litigation expenses, must also file a notice of appearance with the Court and serve it on counsel listed in the paragraph above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

13. Any Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees, incentive award, litigation expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees, incentive award, and litigation expenses, or from otherwise being heard concerning the foregoing.

14. **Stay and Temporary Injunction:** Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Claims (as defined in the Stipulation).

15. **Settlement Administration Fees and Expenses:** All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid from the Settlement Fund as set forth in the Stipulation without further order of the Court.

16. **Settlement Fund:** The contents of the Settlement Fund shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force

and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of December 18, 2023.

18. **Supporting Papers:** Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees, incentive award, and payment of litigation expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

19. **Jurisdiction:** The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

SO ORDERED this _____ day of _____ 2024.

_____
The Honorable Jed S. Rakoff
United States District Judge