**Exhibit 1**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>       v.<br><br>PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS,<br><br>             Defendants. | Civil Action No. 22-10986-JSR<br><br><u>CLASS ACTION</u> |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION**: Please be advised that your rights may be affected by the above-captioned class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you owned Class A common stock of Pioneer Merger Corp. (in Official Liquidation) ("Pioneer") as of January 13, 2023 and your shares were redeemed.

**NOTICE OF SETTLEMENT**: Please also be advised that the Court-appointed Lead Plaintiff Funicular Funds, LP ("Funicular" or "Lead Plaintiff"), on behalf of itself and the Class (as defined in below), has reached a proposed settlement of the Action for $13,000,000 in cash plus an additional contingent amount (the "Contingent Amount") described in further detail below (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY**. This Notice explains important rights you may have as a member of the Class, including the receipt of payment from the Settlement.

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to Lead Counsel or Counsel for the Joint Official Liquidators of Pioneer (the "JOLs"), as set forth below.

1. **Description of the Action and the Class:** Pioneer is a special purpose acquisition company, or SPAC. This Notice relates to a proposed Settlement of claims in a pending class action brought by Lead Plaintiff on behalf of Pioneer stockholders against Pioneer, its sponsor, Pioneer Merger Sponsor LLC (the "Sponsor"), and certain of its officers and directors, Jonathan Christodoro, Rick Gerson, Oscar Salazar, Ryan Khoury, Scott Carpenter, Matthew Corey, Mitchell Caplan, and Todd Davis (the "Individual Defendants" and, collectively, the "Defendants"). Lead Plaintiff and the Defendants are referred to herein as the "Parties."

2. The Action arises from the distribution of Pioneer's residual assets. Lead Plaintiff alleges that, among other things, holders of Pioneer's Class A common stock ("Class A Shares" and "Class A Shareholders") were improperly deprived of their right to receive such assets in a distribution. A more detailed description of the Action is set forth in ¶¶ 12-19 below. Pioneer is now under the control of the JOLs pursuant to a court order in *In The Matter Of Pioneer Merger Corp. (In Official Liquidation)*, FSD No. 0258 Of 2023 (MRHCJ) (the "Cayman Action").

3. **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, and Defendants have agreed to settle the Action in exchange for (i) $13,000,000 in cash; and (ii) an additional Contingent Amount consisting of 80% of disbursements pursuant to Continental Casualty Company Policy #652304448, which is an insurance policy covering Pioneer's officers and directors up to a policy limit of $2,500,000 (collectively, the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Net Settlement Fund—*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Notice and Administration Costs; (ii) any litigation expenses awarded by the Court; (iii) any attorneys' fees awarded by the Court; and (iv) any other costs or fees approved by the Court—will be distributed in accordance with a plan of allocation that will be approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶ 35 below. Subject to approval, it is currently anticipated that distributions will be made via the facilities of The Depository Trust Company ("DTC") without any further action required of eligible members of the class.

4. **Estimate of Amount of Recovery Per Share:** The Settlement Amount, not incorporating the Contingent amount, reflects approximately 65% of Pioneer's available cash. The current estimated recovery per Class A Share (not incorporating the Contingent Amount and *before* deduction of Court-approved fees, expenses, and costs as described herein and excluding the parties set forth in ¶ __ below) is $0.36. Class Members should note, however, that the foregoing recovery per share is only an estimate, is not likely to reflect the actual recovery, may or may not be increased by the Contingent Amount, and will be reduced by fees and expenses, as discussed further below. Distributions to Class Members will be made based on the Plan of Allocation set forth in ¶ 35 below or such other plan as may be ordered by the Court.

5. **Damages Per Share:** The Parties do not agree on the amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree that Class A Shareholders are entitled to any of Pioneer's residual assets in a distribution and dispute that Class A Shareholders were parties to the agreement Lead Plaintiff seeks to enforce in this Action. Lead Plaintiff cannot estimate with certainty the expected amount of recovery because of the significant likelihood that defense costs incurred through a trial and appeal would materially diminish the amount of assets available for distribution. For further discussion of the risks and merits of the claims, see "What Are Lead Plaintiff's Reasons For The Settlement" below.

6. **Attorneys' Fees and Expenses Sought:** Lead Counsel has been prosecuting the Action on a wholly contingent basis since its inception in December 2022, has not received payment of attorneys' fees for their representation of the Class, and has advanced certain of the funds necessary to pay expenses incurred to prosecute the Action. Lead Counsel will apply to the Court for an award of attorneys' fees for Lead Counsel in an amount not to exceed 30% of the Settlement Fund and reimbursement of litigation expenses, including expenses incurred by Lead Plaintiff, in an amount not to exceed $600,000. Lead Plaintiff also intends to seek an incentive award from the Court commensurate with the unusual time, effort, risk, and burden assumed by Lead Plaintiff in the pursuit of this Action, which will not exceed $195,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund immediately upon award by the Court. Class Members will not be personally liable for any such fees or expenses. The estimated cost for the fees and expenses discussed above, if approved by the Court, is a maximum of approximately $0.13 per Class A Share.

7. **Identification of Lead Counsel:** Lead Plaintiff and the Class are represented by Aaron T. Morris, Esq. and Andrew W. Robertson, Esq. of Morris Kandinov LLP, 305 Broadway, 7th Floor, New York, NY 10007, 332-240-4024, aaron@moka.law, andrew@moka.law, and Angus Ni of Morrow Ni LLP, 41 Madison Ave, 31st Floor, New York, NY 10010 646-453-7294, angus@moni.law.

8. **Reasons for the Settlement:** Lead Plaintiff's principal reason for the Settlement is the substantial and certain recovery for the Class without the risk and delay inherent in further litigation, as well as the significant risk that Pioneer's remaining assets will be depleted by defense costs through trial and appeals or parallel litigation in the Cayman Action. Defendants deny that Class A Shareholders are entitled to any portion of Pioneer's residual assets, and therefore would be expected to litigate vigorously. However, Defendants are entering into the Settlement to eliminate the uncertainty, burden and expense of further protracted litigation.

**YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:**

| **TAKE NO ACTION AND RECEIVE A PRO RATA PORTION OF THE NET SETTLEMENT FUNDS** | If you are part of the Class and take no action in response to this Notice, then the Settlement Administrator will cause Pioneer to transfer to the account in which you held Pioneer Class A Shares a pro rata portion of the Net Settlement Funds. In such event, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined in ¶ 28 below) that you have against Pioneer, the Sponsor or the Individual Defendants. |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [_], 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and litigation expenses, you may write to the Court and explain why you do not like them. You must be a member of the Class to object to the Settlement, the Plan of Allocation, or the fee and expense request. You may, but are not required to, retain counsel in connection with your objection. |
| **APPEAR AT THE HEARING ON [___], 2024, AT [_:_] [_].M.** | You may be allowed to appear and speak to the Court about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses if you file a notice of intention to appear by ____, 2024. Your request will be at the discretion of the Court to approve. If you submit a written objection, you may (but you do not have to) attend the hearing and address the Court regarding your objection. |

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE? ............................................................................................. 5

WHAT IS THIS CASE ABOUT? ............................................................................................... 5

WHO IS INCLUDED IN THE CLASS? ..................................................................................... 7

WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? ............................ 7

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? .......................................... 8

HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? . 8

HOW DO I PARTICIPATE IN THE SETTLEMENT? ............................................................. 10

HOW MUCH WILL MY PAYMENT BE? ............................................................................... 10

WHAT PAYMENTS ARE THE ATTORNEYS FOR THE CLASS SEEKING? ..................... 11

4

WHAT IF I DO NOT LIKE THE SETTLEMENT?......................................................................11

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT AND MAY I APPEAR?......................................................................................13

WHAT IF I HELD SHARES ON SOMEONE ELSE'S BEHALF?.............................................14

CAN I SEE THE COURT FILE?.................................................................................................14

WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?.......................................................14

| **WHY DID I GET THIS NOTICE?** |
|---|

9. The Court directed that this Notice be delivered to all beneficial owners of Pioneer Class A Shares as of January 13, 2023 when the shares were redeemed. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), Epiq Corporate Restructuring, as settlement administrator (the "Settlement Administrator"), will cause to be made pro rata payments to the Class pursuant to the Court's instructions.

10. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, and how you might be affected. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of litigation expenses (the "Settlement Fairness Hearing"). See ¶ 53 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

11. The issuance of this Notice is not an expression of opinion by the Court concerning the merits of any claim in the Action, and the Court has not yet decided whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation, then payments to the Class will be made after all appeals are resolved, if any.

| **WHAT IS THIS CASE ABOUT?** |
|---|

12. Pioneer was formed to make a business combination. Its stock consisted of two classes: Class A Shares issued in an initial public offering ("IPO"); and Class B common stock (or "Class B Shares") issued to the Sponsor and other Defendants. In the event of a business combination, the Class B Shares would convert to Class A Shares in the post-transaction company. Lead Plaintiff contends that if Pioneer failed to make a deal, Defendants would lose their entire investment in the Class B Shares, which would become worthless.

5

13. Pioneer conducted its IPO in January 2021. Lead Plaintiff contends that, in a letter agreement with Pioneer prior to the IPO (the "Sponsor Agreement"), Defendants contractually agreed that the "Sponsor and each Insider, with respect to itself, herself or himself, acknowledges that it, she or he has no right, title, interest or claim of any kind in or to any monies held in the Trust Account or any other asset of the Company as a result of any liquidation of the Company with respect to the Founder Shares held by it, her or him, if any." Defendants have maintained that Class A Shareholders were not parties to the Sponsor Agreement and lacked standing to enforce its terms.

14. Following the IPO, Pioneer negotiated a business combination with Acorns Grow Incorporated ("Acorns"), a wealth management company. In late 2021, however, Acorns refused to close the transaction, and Pioneer allowed Acorns to terminate in exchange for a termination fee of up to $32.5 million (the "Termination Fee").

15. Pioneer was unable to identify a replacement transaction and announced in December 2022 that it would liquidate. In connection with the liquidation, Defendants stated that Class A Shares would be redeemed in exchange for only the proceeds held in Pioneer's trust account from the IPO, plus interest, and the Termination Fee would be kept outside of the trust account that held the IPO proceeds. Defendants also contend that the Sponsor Agreement does not restrict Defendants' access to assets held outside of Pioneer's trust account.

16. On December 30, 2022, Lead Plaintiff filed the Action on behalf of the Class, asserting among other things, claims for breach of the Sponsor Agreement and for declaratory judgment that Defendants are barred from receiving a distribution of Pioneer's residual assets, including any portion of the Termination Fee. On March 6, 2023, Defendants moved to dismiss the Action, arguing that Plaintiff was not a party to the Sponsor Agreement and that Defendants had not waived their right to the Termination Fee; or in the alternative, stay the proceedings in favor of resolution of the dispute in the Cayman Islands. On May 1, 2023, the Court denied Defendants' motion to dismiss. Between May 2023 and October 2023, the Parties completed extensive fact discovery, including written discovery, third-party subpoenas, document productions and depositions. On November 7, 2023, the Parties filed cross-motions for summary judgment. On November 10, 2023, the Court certified a class of "all persons who held Class A Public Shares of Pioneer as of the redemption date of January 13, 2023."

17. Prior to the oral argument on the Parties' cross-motions for summary judgment, scheduled for December 19, 2023, Lead Plaintiff, the JOLs, and Defendants engaged in extensive and arm's length discussions regarding a possible resolution of the Action. On December 18, 2023, the Parties reached an agreement in principle to settle the Action, and on December 20, 2024, they executed a settlement term sheet (the "Term Sheet") memorializing their binding agreement to settle the Action, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

18. On February 9, 2024, the Parties entered into the Stipulation and Agreement of Settlement, Compromise and Release (the "Settlement Agreement") which sets forth the terms and

conditions of the Settlement. The Settlement Agreement is available at www.pioneermergercorpsettlement.com.

19. On ____, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

### WHO IS INCLUDED IN THE CLASS?

20. If you are a member of the Class, you are subject to the Settlement. The Class, pursuant to the Court's November 1, 2023 Opinion and Order (ECF 43) certifying the Class, consists of:

> All persons who held Class A Public Shares of Pioneer as of the redemption date of January 13, 2023 whose shares were redeemed, including their legal representatives, heirs, successors-in-interest, transferees, and assignees of all such holders.

21. The following are excluded from the Class:

> (i) Defendants in this action; (ii) any person who is, or was at the time of the redemption, a trustee, officer, director, or partner of Pioneer Merger Sponsor LLC, Alpha Wave Global, LP, Patriot Global Management, LP, or their affiliates; (iii) the immediate family members of any of the foregoing; (iv) the legal representatives, heirs, successors-in interest, successors, transferees, and assigns of the foregoing; and (v) any trusts, estates, entities, or accounts that held Pioneer Class A Public Shares for the benefit of any of the foregoing.

### WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

22. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants are meritorious and would have a strong chance of prevailing at trial. They recognize, however, the uncertainty, delay and expense created by litigating this Action through trial and any appeals, as well as the risks inherent in establishing liability and damages. For example, Defendants argued in their cross-motion for summary judgment that they did not breach the express language of the Sponsor Agreement, Plaintiff and the Class lacked standing to enforce the Sponsor Agreement, the breach of contract claim was subject to certain affirmative defenses, the Sponsor Agreement had been terminated and was no longer enforceable, Class A Shareholders did not have a right to Pioneer's residual assets (other than the trust account) irrespective of the Sponsor Agreement, and the court in the Cayman Action should determine who is entitled to Pioneer's residual assets pursuant to Cayman Islands law. Further, assuming that Lead Plaintiff were to prevail at trial, Lead Plaintiff and Lead Counsel were concerned, given the significant costs incurred by Defendants since the inception of this Action, that continued defense costs would exceed available insurance and significantly deplete or exhaust Pioneer's remaining assets available for distribution,

7

and that Pioneer's indemnity obligations under its governing documents might render a judgment against one or more Defendants difficult to enforce. Thus, Lead Plaintiff and Lead Counsel determined that there were significant risks attendant to the continued prosecution of the claims against Defendants. Moreover, Lead Plaintiff and Lead Counsel were aware that the JOLs planned, in the parallel Cayman Action, to oppose any judgment rendered in this Action, which could potentially have caused additional collection and enforcement challenges and costs if Lead Plaintiff were to prevail on behalf of the Class at trial.

23. In light of those risks, the Settlement Amount, and the speed at which the proceeds will be delivered to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. The Settlement provides a substantial benefit, namely $13,000,000 in cash plus the Contingent Amount (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, no recovery, or a judgment that would prove to be difficult or impossible to enforce and collect in light of defense costs, Pioneer's indemnity obligations, and further litigation in the Cayman Action.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24. As described above, if there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, on appeal, or in the Cayman Action, the Class may recover substantially less than the amount provided in the Settlement or nothing at all. Further, as discussed above, even if Lead Plaintiff were successful at trial and any appeals, enforcement of a judgment against one or more Defendants may prove difficult and costly in light of Pioneer's diminishing assets, the parallel Cayman Action, and the indemnification and exculpation of Defendants by Pioneer.

### HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

25. As a member of the Class, you are represented by Lead Plaintiff and Lead Counsel. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on counsel of record.

26. If you are a member of the Class and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, you may present your objections by following the instructions in the section entitled "What If I Do Not Like The Settlement?" below.

27. Otherwise, if you are a member of the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment") that will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and all other Class Members, on behalf of themselves and their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates in their capacities as such only, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice any and all of the Released Claims (as defined in ¶ 28) against Pioneer, the Sponsor, and the Individual Defendants, and will forever be barred and enjoined from directly or indirectly commencing, instituting, participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims.

28. "Released Claims" means, as set forth in the Settlement Agreement, all claims and causes of action, rights, liabilities, suits, debts, obligations, objections, demands, damages, losses, judgments, matters, issues of every nature, and description whatsoever, including Unknown Claims, whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule or regulation that: (i) relate to any of the facts or circumstances alleged in the Complaint, including but not limited to the Letter Agreement, the Termination Fee, the distribution of the Company's assets, and the decision to redeem the Class A Shareholders; (ii) were or could have been asserted by or against any Party or Class Member in the New York Action, Cayman Action, Cayman Liquidation, Cayman Petition, or Chapter 15 Proceedings; and/or relate to any actions or omissions by the Company, the Sponsor, and the Individual Defendants; or (iii) relate to or arise from the filing, prosecution, or defense of the New York Action, or the Cayman Action, Cayman Liquidation, Cayman Petition, or Chapter 15 Proceedings. For the avoidance of doubt, the Released Claims do not include any claims relating to the enforcement of this agreement or claims based on conduct that occurs after the Effective Date of the Settlement.

29. "Unknown Claims" means, as set forth in the Settlement Agreement, (i) any Released Claims that the Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favour at the time of the Settlement, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, or (ii) any Released Claims that any U.S. Defendant does not know or suspect to exist in his, her, or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement.

30. Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

31. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all of the Released Claims against

Lead Plaintiff and the Class, and will forever be barred and enjoined from directly or indirectly commencing, instituting, participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?

32. You need not take any action to participate in the Settlement. If the Court approves the Settlement, the Settlement Administrators will cause Pioneer to transfer your pro rata portion of the Net Settlement Funds to the account in which you held Pioneer Class A Shares.

33. You may not seek an exclusion from the Class. If you do not agree with the Settlement, you must follow the objection procedures set forth in the section "What If I Do Not Like The Settlement?" below.

## HOW MUCH WILL MY PAYMENT BE?

34. At this time, it is not possible to determine with certainty the amount an individual member of the Class will receive from the Settlement. Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid a total of $13,000,000 in cash plus the Contingent Amount in resolution of this Action and the Cayman Action. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund"—*i.e.*, the Settlement Fund less (i) any Notice and Administration Costs; (ii) any litigation expenses awarded by the Court, including Lead Plaintiff's expenses and requested incentive award; (iii) any attorneys' fees awarded by the Court; and (iv) any other costs or fees approved by the Court) will be distributed to members of the Class.

35. Payments will be distributed to Members of the Class pursuant to the Court-approved Plan of Allocation. The proposed Plan of Allocation is as follows: the Settlement Administrator shall cause a pro rata distribution of the Net Settlement Fund via the facilities of DTC to all members of the Class eligible to receive payments from the Net Settlement Fund proportionate to the number of Class A Shares held by each Class member as of the effective date of January 13, 2023 (*i.e.*, at the time Pioneer redeemed all Class A Shares).

36. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and Plan of Allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

37. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

38. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

39. Each member of the Class will release the Released Claims (as defined in ¶ 28) against Pioneer, the Sponsor or the Individual Defendants and will be barred and enjoined from prosecuting any of the Released Claims.

40. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any member of the Class.

41. Only members of the Class will be eligible to participate in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition will not be eligible for a payment. The only security that is included in the Settlement is publicly traded Class A Shares of Pioneer.

### WHAT PAYMENTS ARE THE ATTORNEYS FOR THE CLASS SEEKING?

42. Lead Counsel has not received payment for their services in pursuing claims asserted in the Action on behalf of the Class and has advanced certain litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Lead Counsel in an amount not to exceed 30% of the Settlement Fund. Lead Counsel will also apply for payment of reasonably incurred litigation expenses in an amount not to exceed $600,000, which will include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff in connection with its representation of the Class. In addition, Lead Plaintiff intends to seek an incentive award from the Court commensurate with the unusual time, effort, risk, and burden assumed by Lead Plaintiff in the pursuit of this Action and Settlement in an amount not to exceed $195,000. The Court will determine the amount of any award of attorneys' fees, litigation expenses or incentive award. Any award of attorneys' fees and litigation expenses, including any reimbursement of costs and expenses to Lead Plaintiff, will be paid from the Settlement Fund at the time of award by the Court and prior to allocation to the Class. Class Members will not be personally liable for any such fees or expenses.

### WHAT IF I DO NOT LIKE THE SETTLEMENT?

43. Each member of the Class will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, pursuant to the Court's Opinion and Order granting certification of the Class (ECF 43). You are not able to exclude yourself from the Class.

44. If you are not happy with the Settlement, proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees or litigation expenses must make a written objection. You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2024. You must also serve the papers on counsel identified

11

below at the mailing addresses or email addresses listed so that the papers are received on or before _____, 2024.

<u>The Court</u>

**United States District Court**
Southern District of New York
Clerk's Office
500 Pearl Street
New York, NY 10007

<u>Lead Counsel</u>

**Morris Kandinov LLP**
Aaron T. Morris, Esq.
305 Broadway, 7th Floor
New York, NY 10007
aaron@moka.law

<u>Defendants' Counsel</u>

**Kirkland & Ellis LLP**
Stefan Atkinson
601 Lexington Avenue
New York, New York 10022
stefan.atkinson@kirkland.com

<u>Joint Official Liquidators' Counsel</u>

**DLA Piper LLP (US)**
R. Craig Martin
1251 Avenue of the Americas
New York, New York 10020
craig.martin@us.dlapiper.com

45. To object, you must send a letter stating, as appropriate, that you object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses. Your objection must include: (1) the name of this proceeding (*i.e.*, *Funicular Funds, LP v. Pioneer Merger Corp., et al.*, No. 22-cv-10986-JSR; (2) the objector's full name, current address, telephone number, and counsel, if any; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection; and (5) documents sufficient to prove membership in the Class, including documents showing the number of Class A Shares held by the objector as of January 13, 2023. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the

objector's broker containing the transactional and holding information. Lead Counsel may request from any objector additional transaction information or documentation if necessary.

46. You may not make an objection if you are not a member of the Class.

47. You may file a written objection without having to appear at the Settlement Fairness Hearing (the details of which are set forth in the section below). You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

48. If you wish to be heard at the Settlement Fairness Hearing, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance electronically with the Court or by letter mailed to the Clerks' office and serve it on Lead Counsel, Defendants' Counsel, and the JOLs' Counsel at the addresses set forth above so that it is received on or before _____, 2024. Objectors and/or their counsel may be heard orally at the discretion of the Court.

49. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel, Defendants' Counsel, and the JOLs' Counsel at the addresses set forth above so that the notice is received on or before _____, 2024.

50. Unless the Court orders otherwise, any member of the Class who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and litigation expenses.

51. Members of the Class do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval, but are invited to express their view to Lead Counsel.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT AND MAY I APPEAR?

52. **Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Class. Check www.pioneermergercorpsettlement.com for more information.** Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website.

53. The Settlement Fairness Hearing will be held on _____, 2024, at [ : ] [_].m., before the Honorable Jed S. Rakoff, U.S.D.J. either in person at the United States District Court for the Southern District of New York, Courtroom 14B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, or by telephone or

videoconference (in the discretion of the Court), to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Settlement Agreement (and in this Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's motion for an award of attorneys' fees and litigation expenses, and Lead Plaintiff's request for an incentive award, should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Settlement.

54. The Court reserves the right to approve any or all of the above and/or consider any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

55. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. If you plan to attend the Settlement Fairness Hearing, please confirm the date and time with Lead Counsel.

### WHAT IF I HELD SHARES ON SOMEONE ELSE'S BEHALF?

56. If you purchased or otherwise acquired Pioneer Class A Shares for the beneficial interest of persons or organizations other than yourself, you must forward this Notice to all such beneficial owners within ten (10) calendar days of receipt. No further action is necessary for such persons to receive payment from the Net Settlement Fund. The Settlement Administrator will distribute the Net Settlement Funds pro rata to the accounts in which the Class A Shares were held at the time of redemption.

### CAN I SEE THE COURT FILE?

57. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Settlement Agreement, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. You may also find more information regarding the Settlement at www.pioneermergercorpsettlement.com.

### WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

58. Inquiries concerning this Notice or the Plan of Distribution may be directed to the following, as may be applicable:

<u>Lead Counsel</u>

**Morris Kandinov LLP**
Aaron T. Morris, Esq.
305 Broadway, 7th Floor
New York, NY 10007
aaron@moka.law
(332) 240-4024

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024            By Order of the Court
                                   United States District Court
                                   Southern District of New York

15