# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS,<br><br>  Defendants. | Civil Action No. 22-10986-JSR<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (A) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (B) ATTORNEYS' FEES, LITIGATION EXPENSES, AND INCENTIVE AWARD** |

**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
305 Broadway, 7th Floor
New York, NY 10007
(212) 431-7473
aaron@moka.law
andrew@moka.law

**MORROW NI LLP**
Angus F. Ni
506 2nd Ave., Suite 1400
Seattle, WA 98104
(646) 453-7294
angus@moni.law

*Lead Counsel for Lead Plaintiff and the Class*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I.  THE REACTION OF THE CLASS FURTHER SUPPORTS APPROVAL ....................... 1

    A.  Robust Notice Was Provided To The Class ............................................................. 1

    B.  No Objections Were Received And Multiple
        Class Members Submitted Declarations In Support ................................................ 2

II. CONCLUSION ..................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Fleisher v. Phoenix Life Insurance Co.*,
  2015 WL 10847814 *6 (S.D.N.Y. Sept. 9, 2015) ................................................................. 2

*In re Advanced Battery Techs., Inc. Securities Litigation*,
  298 F.R.D. 171 (S.D.N.Y. 2014) ........................................................................................... 2

*In re Signet Jewelers Ltd. Securities Litigation*,
  2020 WL 4196468 (S.D.N.Y. July 21, 2020) ........................................................................ 3

*In re Veeco Instruments Inc. Securities Litigation*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ..................................................................... 2, 3

*In re Virtus Inv. Partners, Inc. Securities Litigation*,
  2018 WL 6333657 (S.D.N.Y. Dec. 4, 2018) ......................................................................... 2

*Vaccaro v. New Source Energy Partners L.P.*,
  2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ....................................................................... 3

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005) .................................................................................................... 2

Lead Plaintiff and Lead Counsel respectfully submit this reply brief, in addition to their opening papers in support of the Motions for (A) Final Approval of Settlement and Plan of Allocation (ECF 85) and (B) Attorneys' Fees, Litigation Expenses, and Incentive Award (ECF 87) (the "Motions"),[1] to report that the deadline for objections has passed and no objections were received. In addition, multiple institutional Class members have submitted declarations in support of approval. Given the Class's reaction after notice was provided, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement and the requested fees and expenses.

## I. THE REACTION OF THE CLASS FURTHER SUPPORTS APPROVAL

### A. Robust Notice Was Provided To The Class

In accordance with the Court's Order Preliminarily Approving Settlement (ECF 84) (the "Preliminary Approval Order"), 247 copies of the Notice were provided by U.S. Mail and electronically to Class members and their intermediaries, and no challenges in providing the Notice were encountered. Ex. 1, Declaration of Emily Young at ¶¶ 4-7. The Notice advised Class members of, among other things, the terms of the Settlement, the attorneys' fees and expenses expected to be requested, the incentive award expected to be requested, the deadline of May 7, 2024 to submit objections, and the fairness hearing set by the Court for May 28, 2024 at 3:00 p.m. *Id.* ¶ 5. A summary of the Notice, which included the foregoing information, was also published in *Investors Business Daily* on April 1, 2024, and a press release was issued disseminating the same on April 29, 2024. *Id*. ¶¶ 11-12. The Notice and other relevant materials were also made available on the dedicated settlement website (https://www.pioneermergercorpsettlement.com) and on Lead Counsel's website (www.moka.law). *Id.* ¶¶ 8-9.

---

[1] Defined terms herein have the meaning ascribed in the opening briefs (ECF 86 & 88).

On April 30, 2024, Lead Plaintiff and Lead Counsel filed the Motions, which were made available on the public docket (ECF 85-90) as well as the Settlement website and Lead Counsel's website.

### B. No Objections Were Received And Multiple Class Members Submitted Declarations In Support

The deadline for objections was May 7, 2024. As of the date of this filing, neither Lead Counsel nor the Settlement Administrator have received any objections. *Id.* ¶ 13. The reaction of the Class has been uniformly positive. Indeed, multiple institutional investors—representing a significant portion of the outstanding Class A shares—have submitted declarations in support of the Settlement, including Lead Plaintiff and Lead Counsel's request for attorneys' fees, expenses and an incentive award. Exs. 2, 3 & 4.

This reaction further supports the Court's approval of the Settlement. Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018) ("the absence of objections by the class is extraordinarily positive and weighs in favor of settlement"); *Fleisher v. Phoenix Life Ins. Co.*, 2015 WL 10847814, at *6 (S.D.N.Y. Sept. 9, 2015) ("the absence of objections may itself be taken as evidencing the fairness of a settlement"); *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) (same). The reaction also supports approval of the Plan of Allocation. *See In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of

the Plan of Allocation."). Here, the *pro rata* distribution contemplated is simple, inherently fair, and not subject to viable criticism.

The positive reaction of the Class should also be considered in favor of approval of Lead Plaintiff and Lead Counsel's motion for attorneys' fees, expenses, and an incentive award. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *21 (S.D.N.Y. July 21, 2020) ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *Veeco*, 2007 WL 4115808 at *10 (the absence of any objections "suggests that the fee request is fair and reasonable"). Multiple Class members submitted declarations not only in support of the terms of the Settlement generally, but specifically as to the request for fees and expenses. As to the request for an incentive award, the declarations state that the Class members "appreciate the substantial risks and expenses assumed by Funicular Funds, LP on behalf of the Class to achieve this outcome, and believe the amount requested is modest in light of the benefits created." Exs. 2, 3 & 4 at ¶ 4. As to the request for attorneys' fees and expenses, the declarations state that the Class members "appreciate Morris Kandinov LLP's willingness to litigate this matter diligently and expeditiously on a contingent basis for the benefit of the Class, and likewise support its request for attorneys' fees and expenses." *Id.*

The Court should weigh heavily the complete lack of objections, positive sentiment of Class members, and the stated support of institutional investors when considering the Motions and final approval of the Settlement.

## II. CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court grant the Motions and approve the Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and the request for an incentive award. Copies of the (i) proposed Judgment, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees, Litigation Expenses and Incentive Award are being submitted herewith.

Dated: May 14, 2024

Respectfully submitted,

By: /s/ Aaron T. Morris

**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
305 Broadway, 7th Floor
New York, NY 10007
(212) 431-7473
aaron@moka.law
andrew@moka.law

**MORROW NI LLP**
Angus F. Ni
506 2nd Ave., Suite 1400
Seattle, WA 98104
(646) 453-7294
angus@moni.law

*Lead Counsel for Lead Plaintiff and the Class*