UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS,<br><br>Defendants. | Civil Action No. 22-10986-JSR |

## ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND INCENTIVE AWARD

This matter came on for hearing on June 26, 2024 (the "Settlement Fairness Hearing") on Lead Plaintiff's Motion for Attorneys' Fees, Litigation Expenses, and Incentive Award (the "Fee Motion") (ECF 87) in the above-captioned class action (the "Action"). The Court has considered all matters submitted to it at the Settlement Fairness Hearing and it appears that the Notice of the Settlement and Settlement Fairness Hearing, substantially in the form approved by the Court, was transmitted to all Class Members, and that a summary notice of the Settlement Fairness Hearing substantially in the form approved by the Court was published in the *Investor's Business Daily* and transmitted over the *Global Newswire*. The Court, having considered and determined the fairness and reasonableness of the fees and expenses requested in the Fee Motion, holds as follows.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated February 8, 2024 (the "Stipulation"). All capitalized terms not otherwise defined in this Order shall have the same meaning as they have in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3. Notice of the Fee Motion was given to all Class Members. The form and method of notifying the Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

5. The Settlement has created a fund of at least $13,000,000 in cash pursuant to the terms of the Stipulation, and that all Class Members will benefit from the Settlement that occurred because of the efforts of Lead Plaintiff and Lead Counsel.

6. Copies of the Notice were disseminated to Class Members electronically and by U.S. Mail, which stated, among other things, that Lead Plaintiff and Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, payment of litigation expenses in an amount not to exceed $600,000, and an incentive award not to exceed $195,000, and there were no objections;

   (a) Lead Counsel diligently and expeditiously prosecuted this novel litigation on a contingent basis resulting in the Settlement, and committed over 2,000 hours of attorney time with a lodestar value of approximately $2.31 million;

(b) Lead Counsel and Lead Plaintiff incurred $507,253.50 in out-of-pocket expenses in the pursuit of this Action, which are reasonable in amount and of the type customarily reimbursed in actions such as this;

(c) The Action raised complex and nascent issues about the entitlement of stockholders to the assets of a SPAC, regarding which the parties vigorously disagreed, and thus the Action involved substantial risks to Lead Counsel and Lead Plaintiff;

(d) Lead Plaintiff, in particular, assumed significant risk in this Action through disruption of its business resulting from the litigation and substantial out-of-pocket expenses incurred on behalf of the Class in furtherance of this Action;

(e) If Lead Plaintiff and Lead Counsel had not prosecuted this litigation and achieved the Settlement, Class Members would not have received a distribution from the SPAC's remaining assets; and

(f) The amount of fees and expenses requested from the Settlement Fund are fair and reasonable under the circumstances and consistent with awards in similar cases.

7. Lead Counsel is hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund (including interest earned at the same rate as the Settlement Fund), minus $95,000, which sum the Court finds to be fair and reasonable. Lead Counsel is also hereby awarded $507,253.50 in reimbursement of reasonably and necessarily incurred litigation expenses to be paid from the Settlement Fund, which sum the Court finds to be fair and reasonable.

8. Lead Plaintiff is hereby awarded $195,000.00 from the Settlement Fund as an incentive award in recognition of its vigorous representation of the Class and the risks, burden and expenses it assumed in obtaining the Settlement for the benefit of all Class A stockholders. Of that sum, $95,000.00 is to be deducted from the awarded attorneys' fees in the amount of 30% of the

Settlement Fund (including interest earned at the same rate as the Settlement Fund). The other $100,000.00 of the $195,000.00 incentive award shall be deducted from the remaining portion of the Settlement Fund.

9. Any appeal or any challenge affecting this Order shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the Parties, the Class Members, and all relevant persons for (i) the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order; and (ii) all matters and disputes relating to Continental Casualty Company Policy No. 652304448, as described in the Stipulation, including with respect to any further distribution of proceeds obtained thereunder.

11. This Order shall take effect on September 16, 2024, pursuant to Paragraph 15 of the Judgment and Order Approving Class Action Settlement entered contemporaneously herewith.

SO ORDERED this 27th day of June, 2024.

_____
The Honorable Jed S. Rakoff
United States District Judge