UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUNICULAR FUNDS, LP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PIONEER MERGER CORP., PIONEER MERGER SPONSOR LLC, JONATHAN CHRISTODORO, RICK GERSON, OSCAR SALAZAR, RYAN KHOURY, SCOTT CARPENTER, MATTHEW COREY, MITCHELL CAPLAN, and TODD DAVIS,<br><br>Defendants. | Civil Action No. 22-10986-JSR |

**JUDGMENT AND ORDER
<u>APPROVING CLASS ACTION SETTLEMENT</u>**

WHEREAS, the above-captioned class action (the "Action") is pending in this Court;

WHEREAS, lead plaintiff Funicular Funds, LP ("Lead Plaintiff"), on behalf of itself and the Class (defined below); and Pioneer Merger Corp., Pioneer Merger Sponsor LLC, Jonathan Christodoro, Rick Gerson, Oscar Salazar, Ryan Khoury, Scott Carpenter, Matthew Corey, Mitchell Caplan, and Todd Davis (collectively, the "Defendants") have entered into a Stipulation and Agreement of Settlement, dated February 8, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

1

WHEREAS, unless otherwise defined in this Judgment and Order Approving Class Action Settlement (the "Judgment"), the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated November 1, 2023 this Court granted Lead Plaintiff's motion to certify the Class as "All persons who held Class A Public Shares of Pioneer as of the redemption date of January 13, 2023 whose shares were redeemed, including their legal representatives, heirs, successors-in-interest, transferees, and assignees of all such holders," with enumerated exceptions for Defendants and affiliated parties (the "Class").

WHEREAS, by Order dated March 13, 2024 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e); (b) ordered that notice of the proposed Settlement be provided to the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on June 26, 2024 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in this Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.       <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2.       <u>Incorporation of Settlement Documents</u>. This Judgment incorporates and makes a part hereof the Stipulation, the Notice, and the Summary Notice filed with the Court on February 9, 2024 (ECF 81).

3.       <u>Notice</u>. The Court finds that the dissemination of the Notice and Summary Notice (a) were implemented in accordance with the Preliminary Approval Order, with the exception below, which the Court hereby ratifies; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Releases to be provided thereunder), Lead Plaintiff and Lead Counsel's motion for attorneys' fees, expenses and incentive award; their right to object to any aspect of the Settlement, the Plan of Allocation, and/or the motion for fees and expenses; and their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules. The Court was advised that as to the publication of the Summary Notice by press release, the settlement administrator failed to do so within ten business days after the April 2, 2024 Notice Date, but did so on April 29, 2024, sufficiently in advance of the Settlement Fairness Hearing.

4. <u>Final Settlement Approval and Dismissal of Claims</u>. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is fair, reasonable, and adequate taking into account the costs, risks, and delay of further litigation, the proposed means of distributing the Settlement Fund to the Class, and the proposed fee and expense award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. All Released Claims of Lead Plaintiff and the Class Members, including all claims asserted against Defendants in the Action, are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. <u>Binding Effect</u>. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all Class Members, as well as their respective successors and assigns.

7. <u>Releases</u>. The Releases set forth in Section 6 of the Stipulation, together with the definitions contained in Section 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

4

        a.        Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiff and all Class Members, on behalf of themselves and their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice any and all of the Released Claims against the Defendants and shall forever be barred and enjoined from directly or indirectly commencing, instituting, participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims.

        b.        Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective predecessors, successors, assigns, heirs, representatives, administrators, executors, devisees, legatees, and estates in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Claims against Lead Plaintiff and the members of the Class, and shall forever be barred and enjoined from directly or indirectly commencing, instituting, participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims.

    8.    Nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. <u>Rule 11 Findings</u>. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. <u>No Admissions</u>. Neither this Judgment, the Term Sheet, the Stipulation, or the negotiation of the foregoing:

    a. shall be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

    b. shall be offered against Lead Plaintiff as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Lead Plaintiff that any of its claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation.

11. <u>Retention of Jurisdiction</u>. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation

Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; (f) the Class Members for all matters relating to the Settlement of this Action; and (g) any matter relating to Continental Casualty Company Policy No. 652304448 at issue in the Settlement, including any dispute regarding such policy or distribution of proceeds thereunder.

12. Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Plaintiff and Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Incentive Award. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13. <u>Modification of the Agreement of Settlement</u>. Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. <u>Termination of Settlement</u>. If the Settlement is terminated as provided in the Stipulation or if the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the Class, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on December 20, 2023, as provided in the Stipulation.

15. <u>Effective Date and Entry of Final Judgment</u>. This judgment shall take effect on September 16, 2024, which is ninety (90) days after Defendant Pioneer Merger Corp., by and through its Joint Official Liquidators, served the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. ("CAFA").

SO ORDERED this 27th day of June, 2024.

_____
The Honorable Jed S. Rakoff
United States District Judge